11-2960-cr
United States v. DeProspero

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.
CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007,
IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A
SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC
DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING
A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of June, two thousand twelve.

PRESENT: GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                   No. 11-2960-cr

STEPHEN M. DePROSPERO,

*Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:        FRANK POLICELLI, ESQ., Utica, NY.

FOR APPELLEE:         PAUL D. SILVER, Assistant United States Attorney
                      (Lisa M. Fletcher, Assistant United States Attorney, *on
                      the brief*) *for* Richard S. Hartunian, United States
                      Attorney for the Northern District of New York,
                      Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Stephen M. DeProspero appeals from a judgment of conviction entered in 2011, following a guilty plea to two counts of production of child pornography in violation of 18 U.S.C. § 2251. The District Court imposed consecutive 240-month terms of imprisonment on each count. We assume the parties' familiarity with the facts and record of the prior proceedings, which we refer to only as necessary to explain our decision to affirm.

1. State Proceedings

In May 2009, pursuant to a valid state search warrant, various electronic media and devices were seized from DeProspero's residence in Rome, New York. A preliminary search of DeProspero's computer disclosed one image of child pornography. In September 2009 DeProspero pleaded guilty in state court to one count of possessing a sexual performance by a child based upon that image. He was sentenced to six months' imprisonment in the Oneida County jail.

In February 2010, three months after DeProspero, through counsel, requested that the seized electronic devices be returned, the devices were reviewed by the New York State Police (the "State Police") to determine whether they contained contraband. The examination of one of DeProspero's cameras resulted in the recovery of images of a minor boy in a sex act with DeProspero. Further investigation identified the victim as an autistic minor who lived in a group home where DeProspero worked as an aide. Similar images of the same victim were recovered from a hard drive that had also been seized from DeProspero's residence. The images revealed that DeProspero had repeatedly abused the victim.

## 2. Federal Proceedings

DeProspero was arrested by federal law enforcement officials on March 2, 2010, and charged with production of child pornography in violation of 18 U.S.C. § 2251(a). On March 15, 2010, a federal search warrant authorized the full forensic examination of DeProspero's electronic media for evidence of production, distribution, transmission, and possession of child pornography. To establish probable cause, the warrant application relied on the images previously recovered by the State Police. DeProspero moved to suppress the evidence obtained from his computer and camera. The District Court denied the motion. Pursuant to a plea agreement that preserved his right to appeal the denial of the suppression motion, DeProspero entered guilty pleas to both counts of the indictment. The District Court imposed a below-Guidelines sentence of consecutive 240-month terms of imprisonment on each of the counts, for a total sentence of 480-months' imprisonment

On appeal, DeProspero argues that the District Court erred in denying his motion to suppress the evidence obtained from his electronic media and that the 480-month term of imprisonment is unreasonable. Even if we assume that the review of the electronic media by the state law enforcement officers was improper, the evidence was nonetheless admissible because the federal law enforcement agents relied in good faith on a facially valid federal search warrant. See United States v. Leon, 468 U.S. 897, 926 (1984); see also United States v. Thomas, 757 F.2d 1359, 1368 (2d Cir. 1985). In Leon, the Supreme Court recognized an exception to the exclusionary rule for evidence obtained in "objectively reasonable reliance" on a search warrant, even where the warrant is subsequently invalidated. 468 F.3d at 922, 926. Here, the application for the federal search warrant presented all of the relevant facts to the federal magistrate judge, including the information that the images seized from the camera and hard drive were discovered only after DeProspero's request to the State Police for the return of those items triggered a search for contraband, and the magistrate judge determined that there was probable

3

cause.  See Thomas, 757 F.2d at 1368.  There is no record evidence that the federal law enforcement agent who signed the warrant application deliberately misled the magistrate, that the magistrate abdicated his duty, that the warrant application lacked probable cause, or that the warrant was facially deficient.  See United States v. Clark, 638 F.3d 89, 100 (2d Cir. 2011).  We therefore conclude that the District Court did not err in refusing to suppress the seized images.

Nor did the District Court abuse its discretion by imposing a 480-month term of imprisonment.  See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008). DeProspero's criminal conduct persisted over a lengthy period of time and involved at least six separate episodes.  The District Court considered that the conduct was particularly egregious as well as the "serious risk and danger [DeProspero] pose[s] as the predator of extremely vulnerable children and the need to deter other individuals from committing similar crimes."  Moreover, the sentence fell below the advisory Guidelines range of 30 years' imprisonment on each count, which had been capped by the relevant statutory maximum.

We have considered all of DeProspero's other arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4